UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------X

GENERAL ELECTRIC COMPANY,

              Plaintiff,

- against -

JOHN OR JANE DOE

              Defendant.

------------------------------------------------X

Civil Action No.:   1:17-CV-1396 (FJS/DJS)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT

The General Electric Company ("Plaintiff" or "GE"), for its Complaint against Defendant, John or Jane Doe ("Defendant" or "Doe") alleges, upon personal knowledge as to matters pertaining to itself and upon information and belief as to all other matters, as follows:

## THE PARTIES

1. Plaintiff GE is a corporation organized and existing under the laws of the State of New York with its principal place of business in Massachusetts.

2. Upon information and belief, Defendant Doe is a citizen of the State of New York and is a current or former employee of GE who, through said employment with GE, has or has had access to information that is confidential, proprietary or trade secret as to GE concerning industrial products and services manufactured and sold by GE.

## VENUE AND JURISDICTION

3. This is a civil action for trade secret misappropriation arising under the laws of the United States (18 U.S.C. § 1836 and 18 U.S.C. § 1030) and common law; for breach of contract;

310760

for tortious interference with contract or business relationships and prospective economic opportunities; for punitive damages and for injunctive relief.

4. The Court has subject matter jurisdiction over these claims pursuant to federal statutes (18 USC § 1836 and 18 U.S.C. § 1030). The Court has subject matter jurisdiction over the related common law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. §1367.

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Doe is a citizen and resident of the State of New York, and because the acts complained of herein took place in this district.

6. Venue is proper in this Court pursuant to 28 USC §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial and/or because Defendant resides in this judicial district.

## GENERAL ALLEGATIONS

7. Upon information and belief, Doe is a current or former employee of GE who has or has had access to information concerning industrial products and services manufactured and sold by GE, and that is confidential, proprietary or trade secret as to GE.

8. Upon information and belief, Doe agreed as part of his/her employment contract with GE "not to use or disclose (except as my Company duties require), during or subsequent to my employment, any Company Information or any information of others that Company or its Affiliates are obligated to maintain in confidence." The employment contract defined Company Information as "all materials that are of a secret, restricted, confidential, or proprietary nature."

9. Commencing in November 2017, and in violation of Doe's employment contract with GE, Doe has used or has disclosed to third parties Company Information or information of others that Doe was required to maintain in confidence (hereafter, "Trade Secrets").

10. Doe's use or disclosure of GE's Trade Secrets includes without limitation Doe's use of an email account identified as steamturbine101@gmail.com through which Doe used or transmitted to third parties (including customers or potential customers of GE), Trade Secrets regarding industrial products and services manufactured and sold by GE. In addition, Doe transmitted on said email account confidential and proprietary information about industrial products and services manufactured and sold by GE.

**COUNT I:  Violation of Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836)**

11. Plaintiff incorporates the allegations contained in paragraphs 1 through 10 above as though fully set forth herein.

12. In the course of manufacturing, performing and selling its industrial products and services, Plaintiff has developed many protectable Trade Secrets. Plaintiff's Trade Secrets relate to the design, manufacture and pricing of its products and services, which are used in and/or intended for use in, interstate and/or foreign commerce.

13. Plaintiff has taken reasonable measures to keep its Trade Secrets secret, including without limitation by requiring Doe and other current and former employees to comply with standards and procedures that prohibit the use or disclosure to third parties of certain proprietary, confidential or trade secret documents and information regarding Plaintiff's products.

14. Plaintiff's Trade Secrets derive independent economic value, actual and/or potential, from not being generally known to, and not being readily ascertainable through proper means, by other people who can obtain economic value from the disclosure or use of the Trade Secrets.

15. Doe misappropriated, and continues to misappropriate, some or all of Plaintiff's Trade Secrets, including without limitation, Doe's use of an email account identified as steamturbine101@gmail.com through which Doe used or transmitted Plaintiff's Trade Secrets to third parties, including Plaintiff's customers and potential customers.

16. Doe knew or should have known that the information it was disclosing to third parties as described herein contained Plaintiff's Trade Secrets regarding commercial products and/or services which are currently sold by Plaintiff and/or which Plaintiff GE plans to sell.

17. Under 18 U.S.C. § 1836(b)(3)(B), Plaintiff is entitled to an award of damages for actual loss caused by Doe's misappropriation of Plaintiff's Trade Secrets and such other damages allowed by law.

18. Doe wilfully and maliciously misappropriated Plaintiff's Trade Secrets, entitling Plaintiff to exemplary damages under 18 U.S.C. § 1836(b)(3)(C), in an amount as authorized by law under 18 U.S.C. § 1836(b)(3)(B).

19. Doe wilfully and maliciously misappropriated Plaintiff's Trade Secrets, entitling Plaintiff to reasonable attorney's fees under 18 U.S.C. § 1836(b)(3)(D).

**COUNT II:  Common Law Trade Secret Misappropriation**

20. Plaintiff incorporates the allegations contained in paragraphs 1 through 19 above as though fully set forth herein.

21. Doe's unlawful conduct as described above constitutes common law misappropriation of trade secrets and was in bad faith and in wilful disregard of Plaintiff's rights. Doe's actions as described herein were committed with intent to trade on and/or appropriate the reputation and goodwill that Plaintiff has built, and to divert actual and prospective customers and revenues from Plaintiff.

22. Plaintiff suffered losses proximately caused by GE's misappropriation of the Trade Secrets.

**Count III:  Breach of Contract Non-Disclosure Obligations**

23. Plaintiff incorporates the allegations contained in paragraphs 1 through 22 above as though fully set forth herein.

24. Upon information and belief, Doe agreed as part of his/her employment contract with GE "not to use or disclose (except as my Company duties require), during or subsequent to my employment, any Company Information or any information of others that Company or its Affiliates are obligated to maintain in confidence." The employment contract defined Company Information as "all materials that are of a secret, restricted, confidential, or proprietary nature."

25. Plaintiff is in compliance with its employment contract obligations to Doe; but Doe's actions complained of herein are a breach of the confidentiality agreement in Doe's employment contract with Plaintiff, and has caused damages to Plaintiff.

26. Doe's contract breaches were intentional and/or malicious and/or made in bad faith.

**Count IV:  Violation of Computer Fraud & Abuse Act ("CFAA")**

27. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 above as though fully set forth herein.

28. Doe obtained Plaintiff's Trade Secrets information through access to Plaintiff's computer systems; and Doe exceeded his/her authorized access to those computers and the Trade Secrets information they contained by disclosing that information to third parties as described in this Complaint.

29. Doe's actions as described herein are a violation of the Computer Fraud & Abuse Act ("CFAA"). 18 U.S.C. § 1030.

30. Plaintiff has suffered damage or loss as a result of Doe's violations of the CFAA.

31. Doe knowingly and/or with intent to defraud Plaintiff accessed or used Plaintiff's computer systems without authorization and/or in excess of Doe's authorization to obtain information from a protected computer used in interstate commerce.

32. Particularly, Doe disclosed to third parties information that Doe had obtained through access to Plaintiff's computer systems which Doe knew to be trade secret, confidential or propriety to Plaintiff. With the intent to defraud Plaintiff, Doe exceeded any authorized access to said information by using the information for purposes other than to conduct Plaintiff's business-related activities; and Doe obtained or intended to obtain value from disclosures of said information to third parties through the aforementioned email account; and Doe's actions caused losses to Plaintiff resulting in economic damages aggregating at least $5,000.

**Count V:  Tortious Interference with Contract and Business Relations**

33. Plaintiff GE incorporates the allegations contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Through its foregoing misconduct, Doe interfered with the performance of, and procured (or attempted to procure) the breach of, Plaintiff's contract with Plaintiff's customers,

business relationships and prospective economic opportunities with third parties by transmitting through his private email account Trade Secrets and/or false information about industrial products and services manufactured, performed and sold by Plaintiff. Doe's actions were committed with the intent to wrongfully interfere with Plaintiff's actual or prospective contracts or business relationships with customers or prospective customers which, but for Doe's misconduct, Plaintiff would have secured and profited from.

**Count VI: Punitive Damages**

35. Plaintiff GE incorporates the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

36. Doe's wrongful conduct was aggravated and outrageous conduct and/or a wilful and wanton disregard for Plaintiff's rights, Trade Secrets and other confidential and proprietary information. Punitive damages in an amount in addition to the compensatory damages suffered by Plaintiff and/or the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action are sought.

**Count VII: Injunction**

37. Plaintiff GE incorporates the allegations contained in paragraphs 1 through 36 above as though fully set forth herein

38. Plaintiff is further entitled to an injunction against future use of its Trade Secrets, pursuant to 18 U.S.C. § 1836(b)(3)(A).

39. Doe's conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Doe is not

310760                                                           -7-

preliminarily and permanently enjoined by this Court from further violations of Plaintiff's rights, and Plaintiff has no otherwise adequate remedy at law herein.

**Prayer for Relief:**

WHEREFORE, Plaintiff GE respectfully requests judgment awarding Plaintiff actual and punitive damages, attorney fees and costs, interest, and a preliminary and permanent injunction as prayed for herein, and for such other and further relief as may be appropriate.

DATED:  White Plains, New York
December 29, 2017

/s/   Thomas E. Healy
THOMAS E. HEALY (Bar Roll No.: 601540)
FITZPATRICK & HUNT, PAGANO, AUBERT, LLP
Westchester Financial Center
50 Main Street, 16th Floor
White Plains, New York 10606
Telephone: (914) 946-0600
Facsimile: (914) 946-0650
E-mail: thomas.healy@fitzhunt.com

and

Michael D. Fisse, Esq. (Pro Hac Vice Application To Be Filed).
DAIGLE FISSE & KESSINICH, PLC
227 Highway 21
Madisonville, Louisiana 70447
Telephone: (985) 871-0800
Facsimile: (985) 871-0899
E-mail: mfisse@daiglefisse.com
Attorneys For Defendant
GENERAL ELECTRIC COMPANY

TO: JOHN or JANE DOE
Defendant